# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**EVENFLO COMPANY, INC.,**

                              **Case No. C-3-05-346**

                **Plaintiff,**

**-vs-**

                              **Judge Thomas M. Rose**

**HANTEC AGENTS LIMITED,**

                **Defendant.**

_____

### ENTRY AND ORDER GRANTING EVENFLO'S MOTION TO COMPEL (Doc. #14); SANCTIONING HANTEC AND FINDING EVENFLO'S AMENDED MOTION TO FILE AN AMENDED COMPLAINT (Doc. #18) MOOT

_____

This dispute arises from a business relationship between Plaintiff and Counterclaim Defendant Evenflo Company, Inc. ("Evenflo") and Defendant and Counterclaimant Hantec Agents Limited ("Hantec"). Evenflo brought a Complaint against Hantec alleging two breaches of contract, fraud and/or fraudulent inducement and conversion. (Doc. #1, Ex. A.) Evenflo's Complaint was originally brought in the Court of Common Pleas of Montgomery County, Ohio and was subsequently removed to this Court by Hantec based upon this Court having diversity jurisdiction. Hantec then filed its Counterclaim alleging six breaches of contract, unjust enrichment, breach of covenant of good faith and fair dealing, account stated - invoices for goods and account stated - invoices for expenses. (Doc. #4.)

Now before the Court is Evenflo's Motion To Compel certain discovery responses. (Doc. #14.) Soon after the Motion To Compel was filed, the Court entered a Show Cause Order requiring Hantec to either provide the requested discovery or show cause as to why the discovery

should not be provided. (Doc. #15.) Hantec then filed a Memorandum opposing Evenflo's Motion To Compel (doc. #19) to which Evenflo replied (doc. #21.) Evenflo's Motion To Compel is, therefore, ripe for decision.

Evenflo seeks an order compelling Hantec to provide substantive responses to Interrogatory No. 25 of the First Set of Interrogatories of Plaintiff Evenflo Company, Inc. Directed To Defendant Hantec Agents Limited, and Requests 13 and 14 of the First Set of Requests For Production of Documents of Plaintiff Evenflo Company, Inc. Directed To Defendant Hantec Agents Limited. Evenflo believes that Hantec's responses to these discovery requests were not meaningful in that Hantec did not disclose the full extent of the ownership and other business relationships that Hantec has with various entities. Evenflo argues that it needs this information so as to determine who, if anyone, should be added as party defendants.

Hantec responds that the Motion To Compel is unnecessary because Evenflo must be satisfied with the discovery responses since it has already sought to amend its complaint to add certain parties. Hantec also argues that it fully responded to the discovery requests as evidenced by the Affidavits of Hua Tu and Gillian Overland that are attached to its Response. Hua Tu is purported to be the President of Hantec and Gillian Overland is an attorney in the firm that represents Hantec in this matter.

## DISCOVERY STANDARDS

"The Federal Rules of Civil Procedure provide for broad, liberal discovery of any information which may be relevant to a suit" and are construed to obtain the "just, speedy, and inexpensive determination of every action." *Powerhouse Marks, L.L.C. v. Chi Hsin Impex, Inc.*, 2006 WL 83477 at *1 (E.D.Mich. Jan. 12, 2006). Discovery may be obtained "regarding any

matter, not privileged , that is relevant to the claim or defense of any party…" Fed.R.Civ.P. 26(b)(1). Further, relevant information need not be admissible so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Regarding disclosures, the determination of relevance is within the court's sound discretion. *Powerhouse*, 2006 WL 83477 (citing *Watson v. Lowcountry Red Cross*, 974 F.2d 482 (4th Cir. 1992). Also, relevance should be "broadly and liberally" construed when applying the discovery rules. *Id.* (citing *Herbert v. Lando*, 441 U.S. 153 (1979)).

Rule 37 provides for an order compelling discovery if a party fails to provide complete disclosure or if the disclosure provided is evasive. Fed.R.Civ.P. 37. Rule 37 also governs sanctions for a party's failure to make or cooperate in the discovery process. Specifically, Rule 37(d) provides that a court may sanction a party when that party's evasive or incomplete answers to proper interrogatories impede discovery. Fed.R.Civ.P. 37(a)(3) and 37(d); *see Jackson by Jackson v. Nissan Motor Corp. in USA*, 888 F.2d 1391 (6th Cir. 1989). The sanctions may be imposed even in the absence of an order compelling discovery. Fed.R.Civ.P. 37(d). Also, "[a] district court has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders." *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003)(citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991)). The analysis now turns to the specific discovery requests raised by Evenflo.

## INTERROGATORY NO. 25

Interrogatory No. 25 reads,

Describe your business structure and your relationship to any parent, subsidiary, and/or sibling corporation, partner, affiliate, d/b/a, and/or joint venture, including, but not limited to, entities using the names Cable Tech, Tcable Co., or Kunshan E-Tech Industrial Co. Ltd.

Hantec's Answer was:

> Defendant objects to this interrogatory on the grounds that it seeks proprietary and/or confidential information, it is vague, ambiguous, overbroad and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

Following Evenflo's written request to provide substantive responses, dated March 6, 2006, Hantec altered its response to Interrogatory No. 25. In a letter dated March 14, 2006, Hantec provided the following answer:

> Hantec is a corporation duly organized under the laws of the British Virgin Islands with its principal place of business in Taiwan, Republic of China. Hantec does not have any parent, subsidiary, sibling corporation, partner, affiliate, d/b/a or joint venture with any other company, including but not limited to, Cable Tech, Tcable Co. and/or Kunshan E-Tech Industrial Co. Ltd.

(Evenflo Motion To Compel Ex. D.)

At the outset, the final determination of relevance is to be made by the court and not by one of the parties. In this case, one of Evenflo's specific allegations is that Hantec may have impermissibly used Evenflo's proprietary tooling and information to try to sell wood gates to Wal-Mart of Canada. Said another way, Evenflo believes that Hantec is using Evenflo's proprietary tooling and information for its own benefit without the required permission of Evenflo. Hantec's relationships with other companies is relevant to how, if at all, Hantec may be impermissibly using Evenflo's proprietary tooling  information.

Rather than arguing the relevance or confidentiality of the information requested by Interrogatory No. 25, Hantec revised its response and now argues that Evenflo is apparently satisfied because it has moved to amend its Complaint to add Taiwan Cable and E-Tech as parties. Because Evenflo is apparently satisfied, according to Hantec, Evenflo's Motion To

Compel is moot. However, Hantec cites no law that supports this position and the court is aware of none. The Federal Rules of Civil Procedure require the disclosure of "any matter, not privileged , that is relevant to the claim or defense of any party" and do not allow for "apparent satisfaction." Evenflo's Motion To Compel is not moot.

Hantec also argues that, as set forth in the Affidavits of Hua Tu and Gillian Overland, Hantec has fully responded to this discovery request. However, an examination of Hua Tu's Affidavit and other documents provided by Hantec reveals just the opposite. For example, Hua Tu now testifies that Hantec, Taiwan Cable Industrial Co., Ltd., aka Taiwan Cable Co. Cable Tech and/or Tcable Co. and Kunshan E-Tech Industrial Co., Ltd. aka E-Tech are all owned by his father, David Tu. (Hua Tu. Aff. ¶¶4, 7.) Yet Hantec's latest response to Interrogatory No. 25 is that Hantec does not have any parent, subsidiary, sibling corporation, partner, affiliate, etc.

The discovery sought by Evenflo in Interrogatory No. 25 is relevant. However, Hantec did not give, and has not yet given, a complete and non-evasive response to Interrogatory No. 25.

### REQUEST NO. 13

Request for Production No. 13 reads:

> All Documents reflecting, evidencing and/or relating to your relationship to any parent, subsidiary and/or sibling corporation, partner, affiliate, d/b/a, and/or joint venture, including, but not limited to, entities known as Cable Tech, Tcable Co, or Kunshan E-Tech Industrial Co. Ltd.

Hantec's response was:

> Defendant objects to this request on the grounds that it seeks proprietary and/or confidential information, it is vague, ambiguous, overbroad and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

Following Evenflo's written request to provide substantive responses, dated March 6, 2006, Hantec altered its response to Request for Production No. 13. In a letter dated March 14, 2006, Hantec provided the following answer: "Hantec does not have any documents responsive to this request." (Evenflo Motion To Compel Ex. D.)

First, as stated above, this request is relevant because the response is either admissible or may lead to admissible evidence. However, rather than arguing the relevance or confidentiality of the information requested by Request for Production No. 13, Hantec revised its response and now, as with the above disputed discovery response, argues that Evenflo is apparently satisfied because it has moved to amend its Complaint to add Taiwan Cable and E-Tech as parties. Because Evenflo is apparently satisfied, according to Hantec, Evenflo's Motion To Compel is moot. However, Hantec cites no law that supports this position and the court is aware of none. The Federal Rules of Civil Procedure require the disclosure of "any matter, not privileged , that is relevant to the claim or defense of any party" and do not allow for "apparent satisfaction." Evenflo's Motion To Compel is not moot.

Hantec also argues that, as set forth in the Affidavits of Hua Tu and Gillian Overland, Hantec has fully responded to this discovery request. However, an examination of Hua Tu's Affidavit and other documents produced by Hantec, reveals just the opposite. For example, Hua Tu now testifies that Kunshan E-Tech Industrial Co., Ltd, aka E-Tech, had a "trading relationship" with Hantec "for purposes of fulfilling [Hantec's] obligations pursuant to its agreements with Evenflo. More specifically, E-Tech manufactured and stored goods that Hantec was exporting to Evenflo. (Hua Tu Aff. ¶7.)

While Hantec may or may not have any documents responsive to this request, Hantec is obligated to seek any such documents from its parent or sister companies, particularly where, as here, one individual owns the sister companies. *See Uniden America Corp. v. Ericsson, Inc.*, 181 F.R.D.302 (M.D.N.C. 1998)(defendant was required to obtain documents from non-party parent and from non-party sister corporation); *General Environmental Science Corp. v. Horsfall*, 136 F.R.D. 130 (N.D.Ohio 1991)(a number of courts have compelled a corporate party to a lawsuit to obtain documents in the possession of a corporate non-party where there existed a sufficient structural interlocking of the two companies).  Further,  it is unclear from Hantec's latest response as to whether Hantec has done so.

The discovery sought by Evenflo in Request for Production No. 13 is relevant. However, Hantec did not give, and has not yet given, a complete and non-evasive response to Request for Production No. 13.

REQUEST NO. 14

Request for Production No. 14 reads:

> All documents reflecting, evidencing and/or relating to communications you or any parent, subsidiary and/or sibling corporation, partner, affiliate, d/b/a, and/or joint venture, including, but not limited to, entities known as Cable Tech, Tcable co., or Kunshan E-Tech Industrial Co. Ltd., have had related to directly, indirectly or otherwise providing wood gate, wood crib or changing table products and/or services to Petsmart, Costco, Wal-Mart or any other entity.

Hantec's Answer was:

> Defendant objects to this request on the grounds that it seeks proprietary and/or confidential information, it is vague, ambiguous, overbroad and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

Following Evenflo's written request to provide substantive responses, dated March 6, 2006, Hantec altered its response to Request for Production No. 14. In a letter dated March 14, 2006, Hantec provided the following answer: "Hantec does not have any documents responsive to this request." (Evenflo Motion To Compel Ex. D.)

First, for the reasons stated above, this request is relevant because the response is either admissible or may lead to admissible evidence. However, rather than arguing the relevance or confidentiality of the information requested by Request for Production No. 14, Hantec, as with the other disputed discovery responses, revised its response and now argues that Evenflo is apparently satisfied because it has moved to amend its Complaint to add Taiwan Cable and E-Tech as parties. Because Evenflo is apparently satisfied, according to Hantec, Evenflo's Motion To Compel is moot. However, Hantec cites no law that supports this position and the court is aware of none. The Federal Rules of Civil Procedure require the disclosure of "any matter, not privileged , that is relevant to the claim or defense of any party" and do not allow for "apparent satisfaction." Evenflo's Motion To Compel is not moot.

Hantec also argues that, as set forth in the Affidavits of Hua Tu and Gillian Overland, Hantec has fully responded to this discovery request. However, as above, while Hantec may or may not have any documents responsive to this request, Hantec is obligated to seek any such documents from its parent or sister companies, particularly where, as here, one individual owns the sister companies. *See Uniden America Corp. v. Ericson, Inc.*, 181 F.R.D.302 (M.D.N.C. 1998)(defendant was required to obtain documents from non-party parent and from non-party sister corporation); *General Environmental Science Corp. v. Horsfall*, 136 F.R.D. 130 (N.D.Ohio 1991)(a number of courts have compelled a corporate party to a lawsuit to obtain documents in

the possession of a corporate non-party where there existed a sufficient structural interlocking of the two companies). Further, it is unclear from Hantec's latest response as to whether Hantec has done so. Therefore, Hantec did not give, and has not yet given a complete and non-evasive response to Request for Production No. 14.

SUMMARY

Evenflo's discovery requests are relevant and Hantec has not argued otherwise. Further, there is evidence that Hantec did not provide a complete and non-evasive response to Interrogatory #25, Request for Production No. 13 and Request for Production No. 14. Therefore, Evenflo's Motion To Compel is GRANTED. Hantec is hereby ordered to produce within fifteen days of entry of this Order responses to Interrogatory No. 25 and Requests for Production No. 13 and No. 14 that are complete and non-evasive. Further, any other responses to Evenflo's discovery requests that Hantec may have given that were not complete and non-evasive are to be supplemented within the same time period.

Hantec's responses to Interrogatory No. 25, Request for Production No. 13 and Request for Production No. 14 are, at best, incomplete and/or evasive and thus not in compliance with the rules of discovery. Therefore, Evenflo is entitled to sanctions pursuant to Fed.R.Civ.P. 37. Evenflo is hereby ordered to submit within fifteen days from entry of this Order, a Bill of Costs incurred in bringing and replying to its Motion To Compel. Hantec may file an objection within five days following the filing of Evenflo's Bill of Costs and Evenflo may reply within five days of Hantec's response.

Finally, Evenflo has pending an Amended Motion for Leave To File a First Amended Complaint. (Doc. #18.) However, due to Hantec's incomplete and/or evasive discovery

responses, Evenflo cannot be expected to identify the appropriate defendants. Therefore,

Evenflo's Amended Motion for Leave To File a First Amended Complaint is MOOT subject to

being renewed within fifteen days of receipt of the above ordered supplemental responses from

Hantec.

      **DONE** and **ORDERED** in Dayton, Ohio, this fifth day of June, 2006.

                                        s/Thomas M. Rose

                               _____

                                      THOMAS M. ROSE
                            UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record