**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**EVENFLO COMPANY, INC.,**

        **Plaintiff,**

-vs-                                                  **Case No. 3-:05-CV-346**

**HANTEC AGENTS LIMITED, et al.,**

                                                        **Judge Thomas M. Rose**

        **Defendants.**

---

**ENTRY AND ORDER OVERRULING PART OF DEFENDANT'S MOTION (Doc. #28); FINDING DEFENDANT'S MOTION (Doc. #28) MOOT IN PART; SETTING A BRIEFING SCHEDULE REGARDING THE ALLEGEDLY PRIVILEGED DOCUMENTS; REQUIRING A NEW 26(f) REPORT AND SETTING THE MATTER FOR A SCHEDULING CONFERENCE**

---

      Now before the Court is Defendant's Motion To Compel the Unconditional Production of Evenflo's Documents and Responses To Interrogatories, for a Protective Order Regarding Hantec's Deposition and To Revise the Discovery Schedule. (Doc. #28.), The Court entered a Show Cause Order pursuant to this Motion. (Doc. #32.) Evenflo then responded (doc. #36) and Hantec replied (doc. #44). The Hantec's Motion is, therefore, ripe for decision.

      Hantec requests the following in its Motion:

1.     to compel the unconditional production of Evenflo's documents and responses to interrogatories;

2.     a protective order preventing Evenflo from deposing a Hantec Agent until (a) Evenflo has unconditionally produced its documents and responses to interrogatories, (b) Evenflo's Motion To Amend its Complaint has been decided and (c) Evenflo has agreed to return and not use Hantec's inadvertently produced attorney-client priviledged documents; and

3.     to extend the dates set forth in the Preliminary Pretrial Order.

Each of Hantec's requests will be addressed seriatim.

<u>1. Compel the Unconditional Production of Evenflo's Documents and Responses To Interrogatories.</u>[1]

Hantec argues that, up until one week before its Motion To Compel was filed, Evenflo refused to produce the majority of Evenflo's records and, when the records were finally produced, Evenflo imposed the condition that the records may only be viewed by Hantec's attorneys prior to the entry of a protective order. Hantec specifically refers to Interrogatory #13 which sought calculations and figures for all lost sales, lost profits and lost product placements that allegedly occurred as a result of Hantec's conduct.[2]

Evenflo responds that it produced the documents within days of Hantec finally requesting them. Evenflo further responds that it has never sought to limit Hantec's ability to use Evenflo's confidential documents and information and that it simply requested that they be used only for purposes of this litigation and not provided to Evenflo's competitors and customers.

Regarding the timeliness, on February 23, 2006, Evenflo responded to Hantec's document requests with the statement, ""[s]ubject to, and without waiving, the foregoing objections, Evenflo will make responsive, non-privileged documents, if any, available for inspection at a mutually agreeable date and time."(Evenflo's Response Ex. A.) Evenflo also indicated that its response to Interrogatory #13 was "proprietary, confidential and commercially sensitive" and that a response would be provided upon the entry of a protective order.

---

[1] Hantec's counsel testifies that her office left messages with the Court on June 15 and 16, 2006, to request a conference regarding this discovery dispute. (Overland Aff. ¶35 Jun. 19, 2006.) This Court's informal records indicate that a call was made to this Court by Hantec's local counsel on June 16, 2006. When the call was returned, Hantec's local counsel was not available. An associate of Hantec's local counsel returned this Court's call on June 20, 2006.

[2] Neither party provided Interrogatory #13 or its response to the Court.

Hantec did not request an inspection of the documents, or that they be produced, until April 20, 2006, two months later. (Id. Ex. B.) After asking and being told where to send them, Evenflo forwarded the documents to Hantec on May 1, 2006. Also, when Hantec did ask for the documents, it indicated that, "we will agree, as an interim measure, to treat them in confidence and not show them to anyone not involved in this litigation, pending a reasonable time for Evenflo to obtain a protective order." (Id.)

However, the documents that were forwarded on or about May 1 contained only what Evenflo considered to be non-confidential information. Evenflo indicated that the balance of the requested discovery would be sent "following receipt of the signed Agreed Protective Order."[3] (Defendants' Motion Ex. H.)

Sometime after the Court declined to approve the protective order that Evenflo unilaterally sought, Evenflo provided the discovery to Hantec that it considered to be confidential. However, Evenflo provided the alleged confidential documents with the understanding that they would be viewed only by Hantec's attorneys. Hantec now argues that it had made no such agreement, but their letter of June 7, 2006, states, "[o]ur office has stated by letter and via telephone that any documents that are designated confidential would be limited to review by Hantec's attorneys pending a Protective Order being entered by the Court within a reasonable period of time." (Evenflo Response Ex. F.)

---

[3] Prior to May 1, the Court had declined to approve an agreed protective order on the basis that it illegally permitted the parties to determine what documents were filed under seal. On June 6, 2006, Evenflo submitted a unilateral request for a protective order which the Court declined to approve for the same reason. The second request was unilateral because the parties had become engaged in another discovery dispute not regarding the protective order but could no longer agree on the language to be included in a protective order.

Hantec now argues that Evenflo "has an absolute obligation to provided a full response to interrogatory number 13 and it has no right to condition its compliance with the rules of discovery upon Hantec agreeing to limit those that view the information to its attorneys only." The basis for this argument is found in *Seff v. General Outdoor Advertising Co.*, 11 F.R.D. 598 (N.D.Ohio 1951), wherein the court reminded the party seeking to prevent discovery that confidentiality is not a valid objection where the requested discovery is relevant and material.

Evenflo timely responded to the Defendant's initial discovery requests. It produced all but the documents that it considered confidential immediately after the Defendant requested them and indicated where they should be sent. After two efforts, one joint and one unilateral, and, following Hantec's insistence, Evenflo provided the confidential documents with a proviso, agreed to at the time by Hantec, that limited the use of the confidential information to viewing by Hantec's attorneys only.

Therefore, Hantec now has the requested discovery. However, Hantec wishes to have unlimited access to disseminate the requested discovery.

Fed.R.Civ.P. 26 provides for discovery regarding any matter, not privileged, that is relevant or could lead to the discovery of admissible evidence. However, Rule 26(c)(7) provides that a court may preclude discovery of otherwise discoverable material if it is a trade secret or other confidential research, development, or commercial information.

In this case, Evenflo does not seek to preclude the discovery of trade secrets or other confidential information. Evenflo merely wishes to have it protected. To that end, the Court has issued in a separate entry a Protective Order governing the use of proprietary or confidential information.

The Court's Protective Order is now in effect. It satisfies Evenflo's request that certain designated information be kept confidential and it satisfies Hantec's request to use the discovery beyond viewing by its attorneys. Hantec now has the requested discovery and is able to use it subject to the Protective Order issued by the Court and the underlying Federal Rules of Civil Procedure. Therefore, Hantec's first request regarding the production of documents is MOOT.

<u>2. A Protective Order Preventing Evenflo From Deposing a Hantec Agent</u>

Hantec seeks a protective order preventing the Rule 30(b)(6) deposition of a Hantec representative until Evenflo has unconditionally produced its documents and responses to interrogatories, Evenflo's motion to amend its complaint has been decided and Evenflo has agreed to return and not use Hantec's allegedly inadvertently produced privileged documents. Evenflo responds that it, after extensive discussion with Hantec's counsel, noticed Hantec's Rule 30(b)(6) deposition for June 14, 2006.[4]  This deposition was noticed on May 26, 2006.

Evenflo did not receive an objection to the June 14th date until 1:17 p.m. on the day before the deposition was to take place. Further, Hantec did not seek a protective order until June 20, 2006, well after the scheduled date.

"As a general rule, a party or person must seek a protective order from the court under Rule 26(c) if he [or she] desires not to appear or respond to a discovery request." *In re Air Crash Disaster At Detroit Metropolitan Airport On August 16, 1987*, 130 F.R.D. 627, 630 (E.D.Mich. 1989). However, objections must generally be filed before the date of the deposition, and failure to seek relief prior to the date of the deposition precludes a later objection. *Id.*

---

[4]Evenflo has filed a motion for sanctions for the failure of Hantec to appear at this deposition.

In this case, Hantec did not seek relief prior to the scheduled deposition nor has it provided good cause as to why they did not seek a protective order prior to the scheduled deposition. Therefore, Hantec's request for a protective order to prevent the Rule 30(b)(6) deposition of a Hantec representative is OVERRULED.

Further, all of the conditions precedent set forth by Hantec and relevant to the Rule 30(b)(6) deposition have been satisfied. Evenflo's Amended Complaint has been filed and a Protective Order has been issued by the Court that will permit Hantec to use Evenflo's Confidential Discovery Material. Finally, Evenflo has presented uncontroverted evidence that it has not used the allegedly priviledged documents so the return of the documents is not relevant to the scheduling of Hantec's Rule 30(b)(6) deposition.

However, Hantec wishes to have the allegedly privileged documents not used and returned. Therefore, Hantec has until not later than ten (10) days following entry of this Order to submit to the Court a motion seeking to have the allegedly privileged documents not used by Evenflo and returned to Hantec. The motion should specifically identify the documents that Hantec wishes to have returned and include the legal basis therefore. Hantec should also provide the allegedly privileged documents to the Court for an in camera review. Evenflo will have ten (10) days following the filing of Hantec's motion to respond and Hantec will have ten (10) days following the filing of Evenflo's response to reply.

<u>3. To Extend the Dates Set Forth In the Preliminary Pretrial Order</u>

Hantec argues that Evenflo's refusal to produce its documents and return Hantec's privileged documents has made it impractical for the parties to complete discovery by the July 31, 2006, deadline set forth in the current Preliminary Pretrial Conference Order. Evenflo

responds that Hantec has not shown good faith on its part or a reasonable basis for not meeting the deadline.[5]

However, whether Hantec has shown good faith and a reasonable basis for not meeting the discovery deadline set forth in the existing Preliminary Pretrial Conference Order is MOOT. On July 21, 2006, Evenflo filed its First Amended Complaint which added defendants and causes of action. As a result, the existing Preliminary Pretrial Conference Order needs to be revised. Therefore, the parties are given until not later than twenty (20) days following entry of this Order to submit a new 26(f) Report and a Preliminary Pretrial Conference is hereby scheduled for September 5, 2006, at 8:45 a.m. **Finally, the status conference following discovery scheduled for August 9, 2006, at 9:00 a.m. will be conducted.**

**DONE** and **ORDERED** in Dayton, Ohio, this Second day of August, 2006.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[5]The party seeking the extension of a deadline is "normally expected to show good faith on its part and some reasonable basis for not meeting the deadline." *Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218, 1221 (D.Kan. 1995).